# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-30-TLS |
| | ) | |
| CHARLEY J. GONZALES, IV | ) | |

## OPINION & ORDER

This matter is before the Court on a Motion to Suppress Evidence [ECF No. 33] filed by Defendant Charley J. Gonzales, IV, on August 24, 2011, and the Government's Response in Opposition to Motion to Suppress Evidence [ECF No. 39]. For the reasons stated in this Opinion and Order, the Defendant's Motion is denied.

## BACKGROUND

On April 27, 2011, the Government filed a five-count Indictment against the Defendant. The Indictment charges the Defendant with one count of violating 21 U.S.C. § 846 (drug conspiracy), two counts of violating 21 U.S.C. § 843(b) (use of a communication facility to facilitate a drug trafficking crime), one count of violating 21 U.S.C. § 844(a) (possession of a controlled substance), and one count of violating 18 U.S.C. § 922(g)(3) (unlawful user of a controlled substance in possession of a firearm). The charges resulted from intercepted telephone communications pursuant to a court authorized Title III wiretap (18 U.S.C. § 2510 *et seq.*) and from the recovery of marijuana, a firearm, and other evidence on April 12, 2011, pursuant to the execution of a search warrant for a certain address on Dicke Road, Fort Wayne, Indiana.

On August 24, the Defendant filed a Motion to Suppress and a Memorandum of Law in Support of Motion to Suppress Evidence. The Defendant requests that the Court issue an order

quashing the search warrant and suppressing evidence seized in violation of his Fourth and Fourteenth Amendment rights. In his Motion, the Defendant attacks the probable cause affidavit that was the basis for the search warrant. First, he argues that, on its face, the affidavit is insufficient to justify issuance of the warrant. Second, he claims that a confidential informant provided false and misleading information to law enforcement officers and that, with reckless disregard for the truth, this information was incorporated into the affidavit. He submits that without this information, the magistrate judge would not have issued the warrant. The Defendant also attacks the search warrant itself as overly broad and permitting the seizure of items unrelated to the commission of the offenses presented in the affidavit. In addition, he claims that officers seized items not described in the search warrant and unlawfully seized items from his person when he was detained during the execution of the search warrant.

Included in the Defendant's Motion is a separate request that the Court suppress intercepted communications. The grounds for this request are that the communications were intercepted in violation of the applicable statutes because the interception was not conducted in a manner that minimized the interception of communication that was clearly irrelevant to the investigation of the designated offense, the interception did not terminate upon completion of the authorized objective, and the court granted several extensions. The Defendant argues that the application and extensions were insufficient on their face, that interceptions were not made in conformity with the application or extensions, that a material defect exists in the application, that the application and extensions were not supported by probable cause, and that they were unreasonable and violated the Fourth Amendment.

The Government, in its Opposition to Motion to Suppress Evidence, asserts that the

Defendant's Motion should be denied without a hearing. The Government argues that the Defendant has not made the requisite preliminary showing that would entitled him to a hearing to challenge the probable cause affidavit under *Franks v. Delaware*, 438 U.S. 154, 171 (1978), that the probable cause affidavit provided a sufficient basis for the magistrate judge to conclude that it was reasonable to seek evidence of drug activity at the Defendant's Dicke Road residence, and that the Defendant's allegations do not create an issue of fact regarding the scope of the warrant or the items seized. With regard to the wire tap, the Government notes that the Defendant made no attempt in his Memorandum of Law to identify the specific deficiencies (and, in fact, included no argument related to the wire tap) and has made no showing that the application or execution of the interceptions involved any defect.

## ANALYSIS

**A.     Probable Cause Affidavit**[1]

Search warrant affidavits are presumed to be valid. *Franks*, 438 U.S. at 171. In *Franks v. Delaware*, the Supreme Court defined the procedure, evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness of statements made in a sworn affidavit supporting the issuance of a search warrant. The Supreme Court held that a hearing to determine the veracity of a search warrant affidavit is required if the defendant can make a "preliminary showing that: (1) the warrant affidavit contained false information; (2) the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) that the

---

[1] Although the parties' briefing does not include a copy of the Application for Search Warrant or the Search and Seizure Warrant dated April 7, 2011, both documents are part of this Court's records, Cause No. 1:11-MJ-31, and are subject to judicial notice. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997).

misrepresentations were necessary to the determination of probable cause to issue the warrant." *United States v. Whitley*, 249 F.3d 614, 620 (7th Cir. 2001) (citing *Franks*, 438 U.S. at 155–56).

Although the Defendant recites these elements in his Motion, he does not "point out specifically the portion of the warrant affidavit that is claimed to be false" or provide "a statement of supporting reasons." *Franks*, 438 U.S. at 171. *Franks* directs that "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.* The Defendant does neither. He simply asserts that "once disclosed," the "misstatements or omissions by the [confidential sources] and law enforcement officers . . . would likely constitute reckless or intentional misstatements." (Def.'s Mem. of Law 1–2, ECF No. 34.) The Defendant's argument is insufficient for the additional reason that he has the burden to "offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." *United States v. McNeese*, 901 F.2d 585, 594 (7th Cir. 1990); *see also United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003). In addition, the Defendant must show that the incorrect statement was material, that is, was necessary for a finding of probable cause to issue the warrant. *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994). Because he has not identified the statements at issue, the Defendant cannot make a showing of materiality.

The Defendant's Motion does not rise to the level of the rare case where the elements necessary to obtain a *Franks* hearing to challenge the truth of statements made in the search warrant affidavit have been established. *See United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (noting that the elements that trigger a *Franks* hearing are hard to prove and thus such hearings are rarely held) (citing *United States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000)).

4

The request for a *Franks* hearing is denied.

**B.      Probable Cause**

In his Motion to Suppress, the Defendant argues that the probable cause affidavit upon which the magistrate judge issued the search warrant lacked a sufficient basis upon which to make a probable cause finding. In his Memorandum in Support, the Defendant does not repeat this argument or further articulate a basis for the argument.

A judge's duty in reviewing a search warrant is limited. The duty of a reviewing court is simply to ensure that the issuing court had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. "Probable cause denotes more than a mere suspicion, but does not require certainty." *United States v. Fleischli*, 305 F.3d 643, 651 (7th Cir. 2002) (internal quotations omitted). A search warrant may issue "even in the absence of [d]irect evidence linking criminal objects to a particular site." *United States v. Sleet*, 54 F.3d 303, 306 (7th Cir. 1995) (internal quotations omitted). "The [judicial officer] to whom the warrant application is directed is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense, and the [judicial officer] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *Id.* (internal quotations omitted).

The Defendant's argument regarding the sufficiency of the information presented to the magistrate judge is wholly conclusory. The search warrant was issued to seek evidence of illegal drug activity. The Defendant does not indicate how the affidavit was insufficient to allow the

5

magistrate judge to conclude that it would be reasonable to seek evidence of this activity inside the Defendant's Dicke road residence. At the time the magistrate judge issued the search warrant for the Dicke Road address, he was aware through the probable cause affidavit that the Defendants' father was a drug dealer and that the Defendant had interactions with his father related to drug dealing. In particular, specific facts and circumstances obtained from the investigation suggested that the Defendant would sell drugs he obtained from his father and then pay him the money he received for the drugs. On at least one occasion, the Defendant's father came to the Dicke Road address to collect drug money from the Defendant. In addition, "[i]n the case of drug dealers evidence is likely to be found where the dealers live." *United States v. Reddrick*, 90 F.3d 1276, 1281(7th Cir. 1996) (citing *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991)).

"A magistrate's determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005) (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)); *see also United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008) (holding that a reviewing court will "defer to the determination of the warrant-issuing judge that probable cause existed so long as 'there is substantial evidence in the record supporting the judge's decision'" (quoting *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002)). The Defendant has not pointed to any defect in the probable cause affidavit that would justify overruling the magistrate judge's determination that it

was reasonable to believe that evidence related to drug trafficking would be located at the Dicke Road residence, and his motion to quash the warrant on this ground is denied.

**C.      Search Warrant**

The Defendant argues that the search warrant violates the Fourth Amendment because it was "overly broad and failed to specify, with particularity, the items to be searched for." (Pl.'s Mem. 2, ECF No. 34.) The Defendant argues that one example of the deficiency in the warrant's description is that "the search warrant for the residence simply stated a street address of the residence." (*Id.*) The warrant contained the following description of the place to be searched:

> The premises of XXXX Dicke Road, Fort Wayne, Indiana, a single-family dwelling with a brown brick exterior, with an attached garage on the north side of the residence with a cream colored garage door with multiple small windows at the top of the garage door, with a front door facing west, with canopy-style awnings over the main front door and two front windows, and with the numbers XXXX above the overhead garage door.

(Gov't Opp'n 9, ECF No. 39.) A warrant meets the requirement that it "particularly describ[e] the place to be searched," U.S. Const. amend. IV, if "the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended," *Steele v. United States*, 267 U.S. 498, 503 (1925). An accurate street address is by itself sufficient to allow a reasonable person to "ascertain and identify the place intended." Here, the warrant included a physical description of the dwelling in addition to an accurate street address. The Defendant has not offered any explanation why this was not sufficient, made a claim that this description does not accurately describe the house to be searched, or suggested that there was a risk that officers executing the warrant would search some other house. *See United States v. Johnson*, 26 F.3d 669, 694 (7th Cir. 1994) (finding that the omission that an address was of the

upper unit of a two unit dwelling was not fatal). Indeed, the Defendant's point in making this argument about the address is unclear, and the Court is not obliged to research and construct legal arguments for the parties. *Nelson v. Napolitano*, — F.3d —, 2011 WL 4336665, at *3 (7th Cir. Sept. 15, 2011).

The Defendant cites the principle of law that a search warrant particularly describe the item to be seized, and argues that the search warrant in this case is nothing more than a laundry list of what the affiant found in previous searches of other residences and "could have been more particular" to this case, and it authorized the officers "to seize virtually anything that could conceivably be found at the home, during a whirl wind search of each and every room of the home." (Def.'s Mem. 2–3.) The Defendant is correct that "[t]he Fourth Amendment requires that a warrant describe the things to be seized with sufficient particularity to prevent a general exploratory rummaging through one's belongings." *United States v. Mann*, 592 F.3d 779, 782 (7th Cir. 2010). Where detailed particularity is not possible, "generic language is permissible if it particularizes the types of items to be seized." *United States v. Hall*, 142 F.3d 988, 996 (7th Cir. 1998); *see, e.g., United States v. Vitek Supply Corp.*, 144 F.3d 476, 480–81 (7th Cir. 1998) (finding that warrant that authorized seizure of "any and all records" of smuggling and distribution of adulterated and misbranded foods was not impermissibly broad); *United States v. Vanichromanee*, 742 F.2d 340, 347 (7th Cir. 1984) (upholding the validity of a warrant attacked as being over broad that allowed the seizure of any "writings" related to a conspiracy to import heroin but did not specify precise documents).

Here, the search warrant authorized law enforcement to search for evidence of drug activity, including marijuana, firearms, weighing scales, U.S. currency, documents related to

8

assets acquired, cellular telephone records, and records of drug activity. There is simply no basis for the Defendant's argument that the warrant authorized the police "to seize virtually anything that could conceivably be found at the home." All of these items are direct or circumstantial evidence of drug trafficking being conducted by the Defendant and were sufficiently related to the matters set forth in the affidavit. That these items could be located in various places throughout the house, including each and every room, does not render the warrant overly broad or general. Nor does the fact that these items are common to many drug trafficking offenses.

The warrant was limited to the offense under investigation and was sufficiently specific to allow the officers to be able to identify the things to be seized. The Defendant's challenge to the search warrant is denied.

**D.     Execution of Search Warrant**

The Defendant argues that the officers exceeded the scope of the warrant. "An officer executing a search warrant may seize: (i) items named in the warrant; and (ii) evidence that, although not described in the warrant, is subject to seizure under the plain view doctrine." *Russell v. Harms*, 397 F.3d 458, 465 (7th Cir. 2005). A district court is required to conduct an evidentiary hearing on a motion for suppression "only if evidence on an issue of fact is necessary to the decision of the motion." *Matter of Searches and Seizures Conducted on October 2, and 3, 1980*, 665 F.2d 775, 776 (7th Cir. 1981). The defendant requesting a suppression hearing bears the burden of demonstrating that there are disputed material facts. *United States v. Torres*, 191 F.3d 799, 811 (7th Cir. 1999). A defendant who fails to provide "'definite, specific, detailed, and nonconjectural' facts that demonstrate a disputed issue of material fact" is not entitled to a

9

hearing. *United States v. Segal*, 299 F. Supp. 2d 856, 860 (N.D. Ill. 2004) (quoting *Torres*, 191 F.3d at 811).

In conjunction with his argument that the officers exceeded the scope of the warrant, the Defendant does not provide any specific facts to support this contention or identify any items that were illegally seized. The Defendant is not entitled to a hearing because he has not met his burden of establishing that material issues of fact are in dispute concerning the items seized from the residence. The Defendant also argues that the seizure of items from his person during the execution of the search warrant was unlawful. The Defendant's brief does not develop the facts or the legal basis for this claim and the Court finds that it does not require a hearing.

### E. Intercepted Communications

As stated above, the Defendant requests that the Court suppress intercepted communications. However, all of his claims in support of suppression are made in broad conclusory terms without any attempt to develop the record or to frame his argument to meet the specific circumstances of this case. The Government is correct when it asserts that it is impossible to determine exactly upon what the Defendant is hinging these claims. Accordingly, the Motion to Suppress intercepted communications is denied.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Suppress [ECF No. 33] is DENIED. The Final Pretrial Conference scheduled for October 3, 2011, at 11:00 AM before Judge Theresa L. Springmann, and the Jury Trial scheduled to being on October 11, 2011, at

8:30 AM are confirmed.

SO ORDERED on September 26, 2011.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT